JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RAMONA KUBACH

**DEFENDANTS**
SAPIENS AMERICAS CORPORATION

(b) County of Residence of First Listed Plaintiff   PHILADELPHIA, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   DELAWARE COUNTY, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire, I.D. NO.: 21374   sgold@discrimlaw.net
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*CIVIL RIGHTS*
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

*PRISONER PETITIONS*

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991, 42 U.S.C. SECTION 2000 (e) et. seq.

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**   IN EXCESS OF
150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                    DOCKET NUMBER

DATE
05/20/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ SIDNEY L. GOLD, ESQUIRE   ATTORNEY FOR PLAINTIFF

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **708 Washington Avenue, Media, PA 19063**

Address of Defendant: **1495 Valley Center Parkway, Ste 350, Bethlehem, PA 18017**

Place of Accident, Incident or Transaction: **1495 Valley Center Parkway, Ste 350, Bethlehem, PA 18017**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **05/20/2021**    **/s/ Sidney L. Gold, Esq.**    **21374**
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases *(Please specify):* _____

B.  **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **SIDNEY L. GOLD, ESQUIRE**, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: **05/20/2021**    **/s/ Sidney L. Gold, Esq.**    **21374**
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **708 Washington Avenue, Media, PA 19063**

Address of Defendant: **1495 Valley Center Parkway, Ste 350, Bethlehem, PA 18017**

Place of Accident, Incident or Transaction: **1495 Valley Center Parkway, Ste 350, Bethlehem, PA 18017**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✔]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **05/20/2021**   /s/ Sidney L. Gold, Esq.   **21374**
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✔] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **SIDNEY L. GOLD, ESQUIRE**, counsel of record *or* pro se plaintiff, do hereby certify:

[✔] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✔] Relief other than monetary damages is sought.

DATE: **05/20/2021**   /s/ Sidney L. Gold, Esq.   **21374**
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RAMONA KUBACH | : | CIVIL ACTION |
| v. | : | |
| SAPIENS AMERICAS CORPORATION | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (☑)

| | | |
|---|---|---|
| 05/20/2021 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAMONA KUBACH,** *Plaintiff* | : : : | **CIVIL ACTION NO.:** |
| v. | : : | |
| **SAPIENS AMERICAS CORPORATION,** *Defendant* | : : : : | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff, Ramona Kubach ("Plaintiff Kubach"), a former employee of Defendant, Sapiens Americas Corporation ("Defendant"), who has been harmed by the Defendant's retaliatory actions, ultimately resulting in the termination of her employment.

2. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA").

### II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claims are substantively based on Title VII. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Kubach's claims arising under the PHRA.

1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Kubach's claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On March 2, 2021, a Notice of Right to Sue was issued by the United States Equal Employment Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Kubach has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES

7. Plaintiff, Ramona Kubach ("Plaintiff Kubach"), is a sixty (60) year old citizen of the Commonwealth of Pennsylvania, residing therein at 708 Washington Avenue, Media, Pennsylvania 19063.

8. Defendant, Sapiens Americas Corporation ("Defendant"), is a corporation duly organized and existing under the laws of the State of New York, maintaining a place of business located at 1495 Valley Center Parkway #350, Bethlehem, Pennsylvania 18017.

9. At all times relevant hereto, Defendant acted through its agents, servants and employees who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII and the PHRA, and has been, and is, subject to the provisions of each said Act.

## IV. STATEMENT OF FACTS

11. Plaintiff Kubach was employed by the Defendant from on or about April 8, 2019 until on or about June 19, 2020, the date of her unlawful termination.

12. Upon commencing employment with the Defendant, Plaintiff Kubach held the position of Human Resources Business Partner. In or about December of 2019, the Defendant promoted Plaintiff Kubach to the position of Human Resources Director. At all times relevant hereto, Plaintiff Kubach maintained a satisfactory job performance rating in said capacities.

13. As Human Resources Director, it was Plaintiff Kubach's responsibility to investigate and address instances of discrimination/sexual harassment as well as coach managers for inappropriate behavior.

14. By way of example, on or about June 10, 2020, Noa Brummer ("Brummer"), Vice President of Human Resources, held an "All-Hands Global Human Resources Team Call" via videoconferencing. When initially addressing the team, Brummer displayed an image of monkeys running around empty streets, comparing the image to "the chaos in the United States with the riots," referring to the ongoing Black Lives Matter protests in the summer of 2020.

15. On the same date, Karen Lee ("Lee"), Human Resources Generalist, an African-American female individual, registered a complaint of race discrimination with Plaintiff Kubach, stating that she felt deeply offended and distressed by said derogatory reference to African-Americans. Lee further copied Plaintiff Kubach on an email she sent to Shoshana Kaufman ("Kaufman"), Assistant Vice President of Human Resources North America, wherein she again protested Brummer's racially discriminatory conduct.

16. Additionally, on the same date, Plaintiff Kubach contacted Brummer and opposed the racially offensive image she used during the team video conference. Plaintiff Kubach counseled Brummer regarding her discriminatory actions and demanded that she cease using racist images.

17. In retaliation for opposing unlawful race discrimination in the workplace, on or about June 11, 2020, Brummer reprimanded Plaintiff Kubach, stating that Plaintiff Kubach's allegations were "untrue and insulting." In response, Plaintiff Kubach reiterated that Brummer's choice of imagery was racially offensive and discriminatory.

18. As further retaliation, on or about June 19, 2020, Michelle Hunt ("Hunt"), Legal Counsel North America, advised Plaintiff Kubach that the Defendant terminated her employment, effective immediately. Hunt provided no explanation to Plaintiff Kubach for her termination. Plaintiff Kubach stated to Hunt her belief that the Defendant's actions, in terminating her employment, were in retaliation for opposing unlawful race discrimination in the workplace.

19. Plaintiff Kubach believes and avers that the Defendant terminated her employment for opposing unlawful race discrimination in the workplace.

## COUNT I
### (Title VII – Retaliation)
### Plaintiff Kubach v. the Defendant

20. Plaintiff Kubach incorporates by references paragraphs 1 through 19 of this Complaint as though fully set forth at length herein.

21. The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff Kubach for opposing unlawful race discrimination in the workplace, ultimately resulting in the termination of her employment, constituted a violation of Title VII.

22. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of Title VII, as aforesaid, Plaintiff Kubach sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

23. As a further direct result of the aforesaid retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Kubach suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
## (PHRA – Retaliation)
### Plaintiff Kubach v. the Defendant

24. Plaintiff Kubach incorporates by references paragraphs 1 through 23 of this Complaint as though fully set forth at length herein.

25. The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff Kubach for opposing unlawful race discrimination in the workplace, ultimately resulting in the termination of her employment, constituted a violation of the PHRA.

26. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, as aforesaid, Plaintiff Kubach sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

27. As a further direct result of the aforesaid retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Kubach suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE,** Plaintiff Kubach requests that this Court enter judgment in her favor against the Defendant and Order that:

    a. Defendant compensate Plaintiff Kubach for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

    b. Defendant compensate Plaintiff Kubach with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Kubach punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Kubach pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Kubach demands a trial by jury.

                       SIDNEY L. GOLD & ASSOC., P.C.

By:   */s/ Sidney L. Gold, Esquire*
       SIDNEY L. GOLD, ESQUIRE
       I.D. No.: 21374
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       **Attorney for Plaintiff**

DATE: 05/20/2021

## VERIFICATION

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: Apr 15, 2021

*Ramona Kubach*
Ramona Kubach (Apr 15, 2021 21:43 EDT)
RAMONA KUBACH, PLAINTIFF